**David A. Napper, Esq., Bar No. 271464**
**Christine E. Coverdale, Esq., Bar No. 195635**
**SEGAL McCAMBRIDGE SINGER & MAHONEY**
A PROFESSIONAL CORPORATION
11900 WEST OLYMPIC BOULEVARD, SUITE 500
LOS ANGELES, CALIFORNIA 90064-0704
TEL: (310) 207-7722 • FAX: (310) 207-6550
dnapper@smsm.com; ccoverdale@smsm.com
Attorneys for Defendant, DOLLAR TREE STORES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN CORNEJO,<br><br>       Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC. a Stock Corporation; DOE MANAGER; and DOES 1 through 25, inclusive,<br><br>       Defendants. | Case No.:  2:25-cv-11957<br><br><br>DEFENDANT DOLLAR TREE STORES, INC.'S NOTICE OF REMOVAL ON THE BASIS OF DIVERSITY JURISDICTION<br><br>[28 U.S.C. Sections 1331, 1332, 1441, 1446] |

## <u>NOTICE OF REMOVAL</u>

    **TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND HER ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that Defendant, DOLLAR TREE STORES, INC., ("DOLLAR TREE" or "Defendant"), by its attorneys, Segal McCambridge Singer & Mahoney, hereby removes to this Court, pursuant to 28 U.S.C. §§1331, 1332, 1441, and 1446, based on complete diversity of citizenship between the parties, the claims pending as Case No. 25NWCV03217 in the Superior Court of California, County of Los Angeles.

In support of this removal which is proper and permitted in this circumstance, DOLLAR TREE states as follows:

## I.    THE REMOVED CASE

1.    The removed case is a civil action commenced in the Superior Court of California, County of Los Angeles by Plaintiff LAUREN CORNEJO, an individual ("Plaintiff") against Defendant DOLLAR TREE STORES, INC., entitled LAUREN CORNEJO, an individual v. DOLLAR TREE STORES INC., a Stock Corporation; DOE MANAGER;; and DOES 1 to 25, Case No. 25NWCV03217 (the "State Action").  The named Defendant in the action is DOLLAR TREE.  A copy of all process, pleadings and orders served upon DOLLAR TREE on November 19, 2025 in the State Court Action are attached as Exhibit "A".  Declaration of David A. Napper, Paragraph 1 ("Napper Decl. ¶ 1)

2.    On September 10, 2025, the Clerk filed a Notice of Case Assignment-Unlimited Civil Case and Complaint against Defendant in the State Action asserting the following causes of action: 1. Premises Liability; 2. General Negligence; and 3. Negligence-Hiring Supervision & Retention.  See Exhibit "B" For Notice of Case Assignment and Exhibit "C" for the Complaint.  Napper Decl. ¶2.  The allegations in the Complaint are incorporated into this Notice of Removal by reference without admitting the truth of any of them.

3.    On September 10, 2025 the Plaintiff filed its Civil Case Cover Sheet and Alternative Dispute Resolution Packet.  See Exhibit "D" for the Civil Case Cover Sheet and Exhibit "E" for the Alternative Dispute Resolution Packet.  Napper Decl. ¶ 3.

4.    On September 10, 2025, the Clerk filed a Notice of Case Management Conference.  See Exhibit "F."  Napper Decl. ¶ 4.

5.    On  November 10, 2025 Plaintiff filed its proof of personal service.  See Exhibit "G".  Napper Decl. ¶ 5.

1  **II.    PROCEDURAL REQUIREMENTS**

2      6.    This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b)

3  because it is filed within thirty (30) days after Plaintiff served Dollar Tree with the

4  Complaint.

5      7.    This Court is the proper venue for this action because it is the district

6  and division embracing the place where such action is pending.  28 U.S.C. §1441(a).

7      8.    No previous application has been made by DOLLAR TREE in this

8  action for the relief requested herein.

9      9.    Pursuant to 28 U.S.C. 1446(d), a copy of this Notice of Removal will be

10  served upon Plaintiff and a copy will be filed with the Los Angeles County Superior

11  Court and Defendant's counsel will also provide written notice of such to Plaintiff's

12  counsel of record:  Iman Sorat, Esq., of Morgan & Morgan California LLP.  Napper

13  Decl. ¶ 6.

14  **III.    DIVERSITY JURISDICTION**

15      10.    This lawsuit is a civil action arising out of allegedly personal injuries

16  sustained by Plaintiff at Defendant's store in Norwalk, California, of which this Court

17  has original jurisdiction under 28 U.S.C. §1332(a), and is one which may be removed

18  to this Court by Dollar Tree pursuant to the provisions of 28 U.S.C. §1441(b), in that

19  it is a civil action between citizens of different states, and the amount in controversy

20  exceeds the sum of $75,000, exclusive of interest and costs.

21      **A. There Is Complete Diversity Between the Parties.**

22          i.    Plaintiff is a Citizen of California.

23      11.    For jurisdiction and establishing diversity, the citizenship of an

24  individual is deemed to be the person's domicile. See *Lew v. Moss*, 797 F.2d 747,

25  749 (9th Cir. 1986). Persons are domiciled in the place where they reside with the

26  intent to remain or to return. See *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857

27  (9th Cir. 2001). However, ". . . [a] person's residence is prima facie evidence of

28  domicile and citizenship" for purposes of removal. See *Lee v. BMW of America, LLC*,

3798.449                                    3
NOTICE OF REMOVAL ON THE BASIS OF DIVERSITY JURISDICTION

2019 WL 6838911, at *5 (C.D. Cal. Dec. 16, 2019); *Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary."); *Potts v. Ford Motor Co*., 2021 WL 2014796, at *4 (S.D. Cal. May 20, 2021) ("Where the unrebutted evidence shows Plaintiffs reside in California, the Court may treat it as 'prima facie evidence of domicile and citizenship.'"); *Marin v. Target Corporations*, 2020 WL 5407454, at *2 (C.D. Cal. Sept. 9, 2020) (holding that a party's clearly stated allegations pertaining to her residence was sufficient to put the opposing party on notice that the case was removable under diversity jurisdiction because "her residence is prima facie evidence of her domicile"); *Fjelstad v. Vitamin Shoppe Indus. LLC*, No. 220CV07323ODWAFMX, 2021 WL 364638, at *3 (C.D. Cal. Feb. 3, 2021) ("[Plaintiff's] statement of her residence is prima facie evidence of her domicile."). Additionally, a party's allegation of minimal diversity may be based on "information and belief." *Carolina Cas. Ins. Co. v. Team Equip., Inc*., 741 F.3d 1082, 1086 (9th Cir. 2014).

12.    Plaintiff's operative Complaint does not allege her citizenship on its face. See Napper Decl. at ¶ 7. However, based on information and belief, Plaintiff resided in California at the time of the alleged incident and at all relevant times herein. *Id*.

ii.    Defendant is a Citizen of Virginia.

13.    For purposes of diversity jurisdiction, a corporation is a citizen of every state of incorporation and of the state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1); *Bank of Calif. Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491-92 (9th Cir. 1972).

14.    Defendant Dollar Tree Stores, Inc. is a Virginia corporation with its principal place of business, or "nerve center," located in Chesapeake, Virginia. See Napper Decl. ¶ 8; see also Defendant's Corporate Disclosure Statement filed concurrently herewith. Accordingly, Defendant is a citizen of the State of Virginia.

*Id.*

15.    Defendant is not a citizen of the State of California for purposes of determining diversity of citizenship.

      iii.    <u>The Citizenship of the DOE Defendants Is Disregarded for Diversity Purposes on Removal.</u>

16.    For purposes of removal, the citizenship of defendants sued under fictitious names should be disregarded, and citizenship of only named defendants should be considered. 28 U.S.C. § 1441(a)-(b)(1).

17.    Defendants Does 1 through 50 are fictitious. The Complaint does not state the identity or status of these fictitious defendants, nor does it state any specific allegation of wrongdoing against any fictitious defendants. Pursuant to § 1441(b)(1), the citizenship of these fictitious defendants cannot destroy the diversity of citizenship between the parties and should be disregarded. *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690 (9th Cir. 1998).

As demonstrated above, Plaintiff and Defendant are diverse because they are citizens of different states. See 28 U.S.C. § 1332(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

**B.    <u>The Amount in Controversy Exceeds $75,000.</u>**

18.    Plaintiff's alleged damages exceed $75,000.00, exclusive of interest and costs. Here, Plaintiff served Defendant with a Statement of Damages contending that Plaintiff is seeking damages in excess of $1,138,754.03.  See Exhibit H for Plaintiff's Statement of Damages served on Defendant.   Napper Decl. ¶ 9. This includes $38,754.03 for medical expenses to date, $100,000.00 in future medical expenses, $500,000.00 in Pain, Suffering, and Inconvenience, and $500,000.00 in Emotional Distress with "undetermined amounts" of loss of earnings, and loss of future earning capacity.  *Id.*

19.    An action may be removed if the party seeking removal establishes, by a preponderance of the evidence, that the amount-in-controversy exceeds the

jurisdictional amount. See *Abrego v. Dow Chemical Co*., 443 F. 3d 676, 683 (9th Cir. 2006). A notice of removal may satisfy this burden through plausible allegations, consistent with Federal Rules of Civil Procedure, Rule 8(a). See *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Evidentiary submissions are not required unless and until the allegations are contested by the plaintiff or questioned by the Court. *Id*. at 554. This standard is appropriate even when the complaint fails to allege or seek a specific amount of damages. See *Ibarra v. Manheim Inv., Inc*., 775 F.3d 1193, 1197 (9th Cir. 2015).

20.     In deciding whether the amount in controversy exceeds the amount set forth in 28 U.S.C. § 1332 of $75,000.00, the Court looks to the allegations or the prayer of the complaint. See *Crum v. Circus Circus Enterprises*, 231 F.3d 1129 (9th Cir. 2000) ("Generally, the amount in controversy is determined from the face of the pleadings."); see also 28 U.S.C. § 1446(c)(2) ("the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, . . ."). Where a plaintiff initiates an action in state court and the complaint alleges damages in excess of $75,000, there is a strong presumption that the plaintiff did not inflate the damages claim to support removal. See St. *Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 290 (1938) ("There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end. For if such were the purpose suit would not have been instituted in the first instance in the state but in the federal court.").

21.     Further, in determining whether the amount in controversy exceeds the $75,000 jurisdictional amount, the Court must presume that Plaintiff will prevail on each and every one of his claims. See *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor, Inc*., 31 F.3d 1092 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability"). Additionally, the Court may look beyond the Complaint to determine whether the amount in controversy is met, if

necessary. See *Abrego*, supra, 443 F.3d at 690.

22.    The Court may use a plaintiff's Statement of Damages as the basis for determining whether the amount in controversy exceeds the jurisdictional minimum. See *Suber v. Reliance Nat. Indem. Co*., 110 F.Supp.2d 1227, 1230 (N.D. Cal. 2000). Further, although the "statement of damages is not part of the complaint or the state file, it does carry more weight than a typical settlement demand or an informal correspondence between the parties." *Id*.

23.    As noted above, along with the operative Complaint, here, Plaintiff served Defendant with her statement of damages. See Exhibit "H."  Napper Decl. ¶ 9. Plaintiff's statement of damages reflects damages totaling at least $1,138,754.03 ($38,754.03 for Medical Expenses to Date, $100,000.00 for future medical expenses, $500,000.00 for Pain, suffering and Inconvenience and $500,000 for Emotional Distress. *Id*.  Accordingly, the amount in controversy, exclusive of interest and costs, exceeds the $75,000 jurisdictional amount to establish the amount in controversy.

24.    Defendant vehemently denies Plaintiff's allegations. Defendant intends to vigorously defend against all of Plaintiff's causes of action. Nevertheless, without admitting that Plaintiff can recover any damages, the aggregate amount in controversy presented by this case exceeds $75,000 for purposes of removal. Therefore, this matter is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, thus meeting the requirements of 28 U.S.C. § 1332.

## IV.    **CONCLUSION**

WHEREFORE, Defendant hereby moves the above-entitled civil action from the Superior Court of the State of California for the County of Los Angeles to this Court and requests that this Court assume full jurisdiction over this matter as provided by law.

///

///

DATED: December 18, 2025

**SEGAL McCAMBRIDGE SINGER &
MAHONEY LTD**


By *David A. Napper*
**DAVID A. NAPPER
CHRISTINE E. COVERDALE**
Attorneys for Defendant, DOLLAR
TREE STORES, INC.

EXHIBIT A

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Norwalk Courthouse<br>12720 Norwalk Blvd., Norwalk, CA 90650 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**09/10/2025**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ L. Leyva _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>25NWCV03217 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Ann H. Park | P | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 09/10/2025 _____
  (Date)

By L. Leyva _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**



**null / ALL**
**Transmittal Number: 32731543**
**Date Processed: 11/19/2025**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Essence Oliphant<br>Dollar Tree Stores Inc<br>500 Volvo Pkwy<br>Chesapeake, VA 23320-1604 |
| **Electronic copy provided to:** | Heather Mohr<br>JJ Jacobson-Allen |

| | |
|---|---|
| **Entity:** | Dollar Tree Stores, Inc.<br>Entity ID Number  3697563 |
| **Entity Served:** | Dollar Tree Stores, Inc. |
| **Title of Action:** | Lauren Cornejo vs. Dollar Tree Stores, Inc. |
| **Matter Name/ID:** | Lauren Cornejo vs. Dollar Tree Stores, Inc. (18226366) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 25NWCV03217 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 11/19/2025 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Morgan & Morgan California, LLP<br>949-898-6501 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DOLLAR TREE STORES, INC., a Stock Corporation; DOE MANAGER; and DOES 1 through 25, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LAUREN CORNEJO, an Individual,

**Electronically FILED by**
**Superior Court of California,**
**County of Los Angeles**
**9/10/2025 2:35 PM**
**David W. Slayton,**
**Executive Officer/Clerk of Court,**
**By L. Leyva, Deputy Clerk**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* NORWALK COURTHOUSE

12720 Norwalk Blvd, Norwalk, CA 90650

**CASE NUMBER:**
*(Número del Caso):*
25NWCV03217

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Iman Sorat, Esq., Morgan & Morgan California LLP, 18100 Von Karman Ave, Suite 200, Irvine, CA 92612; (949) 898-6501

DATE: 09/10/2025          Clerk, by          L. Leyva          , Deputy
*(Fecha)*               *(Secretario)*                         *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* DOLLAR TREE STORES, INC., a Stock Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

1  Iman Sorat, Esq. (SBN 275988)
2  **MORGAN & MORGAN CALIFORNIA, LLP**
   18100 Von Karman Ave, Suite 200
3  Irvine, CA 92612
   Telephone: (949) 898-6501
4  Facsimile: (949) 898-6755
   Email: iman.sorat@forthepeople.com
5
6  *Attorneys for Plaintiff,*
   LAUREN CORNEJO

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/10/2025 2:35 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By L. Leyva, Deputy Clerk

7
8        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9     **FOR THE COUNTY OF LOS ANGELES – UNLIMITED JURISDICTION**

10
11  LAUREN CORNEJO, an Individual,          CASE NO.: 25NWCV03217
12
13                                          **COMPLAINT FOR DAMAGES:**
                        Plaintiff,
14       vs.                               1.  **NEGLIGENCE - GENERAL**

15  DOLLAR TREE STORES, INC., a Stock      2.  **PREMISES LIABILITY**
    Corporation; DOE MANAGER; and DOES
16  1 through 25, Inclusive,               3.  **NEGLIGENCE – HIRING,**
                                               **SUPERIVISON & RETENTION**
17
18                      Defendant(s).      **DEMAND FOR JURY TRIAL**
19

20       Plaintiff LAUREN CORNEJO ("Plaintiff"), hereby alleges as follows, based upon
21  personal knowledge as to their own acts, and on information and belief as to all other matters:

22                          **JURISDICTION AND VENUE**

23       1.    This is an action for damages in excess of THIRTY-FIVE THOUSAND
24  DOLLARS ($35,000.00), exclusive of interests and costs.

25       2.    Venue is proper as these causes of action occurred in Los Angeles County,
26  California.

27                          **GENERAL ALLEGATIONS**

28

-1-
COMPLAINT FOR DAMAGES

3.    This is an action for personal injury arising out of an incident that occurred on or about January 16, 2025, and which proximately caused serious and permanent injury to Plaintiff's person. The negligent acts and omissions of the Defendant(s) DOLLAR TREE STORES, INC., DOE MANAGER, and DOES 1 THROUGH 25, herein alleged took place in or about the City of Norwalk, State of California. Accordingly, the venue within this judicial district is proper.

4.    At all times relevant herein, Plaintiff LAUREN CORNEJO is an individual over the age of 18 and a resident of the City of Norwalk, County of Los Angeles, State of California.

5.    Plaintiff is informed and believes, and based upon such information and belief alleges that at all times relevant herein, Defendants DOLLAR TREE STORES, INC., was and is a duly licensed Virginia Corporation, that legally owns, maintains, operates, controls, repairs, supervises, manages and/or occupies real property and provide services in the County of Los Angeles, including in and around the Norwalk area, located at 14029 Pioneer Blvd, Norwalk, CA 90650. (herein referred to as the "SUBJECT PREMISES"). In this respect, it is understood and believed that Defendant owns, maintains, operates, controls, repairs, supervises, manages and/or occupies the establishment where Plaintiff's injuries occurred.

6.    Defendant DOE MANAGER, at all times relevant herein, is and was a resident of the County of Los Angeles, California, over the age of 18 years, and the Manager for the Dollar Tree store where PLAINTIFF'S injury occurred. DOE MANAGER was responsible for operating, supervising and/or managing the Dollar Tree store and ensuring the premises was kept free of hazardous conditions and that employees were reasonably trained to protect customers from encountering hazardous conditions.

7.    The true names and/or capacities, whether individual, corporate, associate or otherwise of the Defendant(s) DOES 1 THROUGH 25, inclusive, and each of them, are unknown to Plaintiff who therefore sues said Defendant(s) by such fictitious names pursuant to Code of Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that each of these Defendant(s) fictitiously named herein as a DOE is legally responsible, negligent or in some other actionable manner liable for the events and happenings hereinafter referred to, and

-2-
COMPLAINT FOR DAMAGES

1   proximately and legally caused the injuries to Plaintiff as hereinafter alleged.  Plaintiff will seek

2   leave of the Court to amend this Complaint to insert the true names and/or capacities of such

3   fictitiously named Defendant(s) when the same has been ascertained. Each reference in this

4   complaint to "Defendant," "Defendants," or specifically named Defendants refers to all named

5   Defendants and those sued under fictitious names. Defendants DOLLAR TREE STORES, INC.,

6   DOE MANAGER, and DOES 1 through 25, Inclusive, are hereinafter referred to collectively

7   as "Defendants."

8       8.    Plaintiff is informed and believes, and based upon such information and belief

9   alleges that at all times relevant hereto, each Defendant, including DOES 1 THROUGH 25, was

10  the owner, servant, agent, joint-ventures, employee or employer of each of its co-Defendant(s),

11  and in doing the acts hereinafter mentioned, each Defendant was acting within the scope of its

12  authority and with the permission and consent of its co-Defendant(s), and each of them, and that

13  said acts of each Defendant was ratified by said Defendant's co-Defendant(s), and each of them

14  and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and

15  hiring of each and every other Defendant as an agent, employee and/or joint ventures.

16      9.    Plaintiff is informed and believes, and based upon such information and belief

17  alleges that all of the acts, conduct, and nonfeasance herein carried out by each and every

18  representative, employee or agent of each and every corporate or business defendant, were

19  authorized, ordered, and directed by the respective defendant's corporate or business employers,

20  officers, directors and/or managing agents; that in addition thereto, said corporate or business

21  employers, officers, directors and/or managing agents had advance knowledge of, authorized,

22  and participated in the herein described acts, conduct and nonfeasance of their representatives,

23  employees, agents and each of them; and that in addition thereto, upon the completion of the

24  aforesaid acts, conduct and nonfeasance of the employees and agents, the aforesaid corporate

25  and business employers, officers, directors and/or managing agents respectively ratified,

26  accepted the benefits of, condoned and approved of each and all of said acts, conduct or

27  nonfeasance of their co-employees, employers, and agents.  In addition, at all times herein

28  relevant, each defendant, whether named herein or designated as a DOE, was a principal, master,

MORGAN & MORGAN

MORGAN & MORGAN LOS ANGELES, LLP

633 W. 5th Street, Suite 2700, Los Angeles, CA 90071

-3-

1  employer and joint venturer or every other defendant, and every defendant was acting within

2  the scope of said agency authority, employment and joint venture.

3      10.    Moreover, Plaintiff reserves the right to insert the name of such entities as DOE

4  defendants if it is later shown through discovery that said entities were in fact involved and

5  culpable. At such time, the filing of the present lawsuit shall protect the statute of limitations

6  and will cause any subsequent DOE amendments to "relate back" to the original filing date for

7  the subject lawsuit.

8      11.    Plaintiff is informed and believes, and based upon such information and belief

9  alleges that that Defendants owned, managed, repaired, maintained and/or controlled the

10  property or was responsible for maintaining, cleaning, repairing, or managing the property

11  located at 14029 Pioneer Blvd, Norwalk, CA 90650.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

13      12.    On or about January 16, 2025, Plaintiff LAUREN CORNEJO was a lawful invitee

14  on the SUBJECT PREMISES, a Dollar Tree retail store, for the purpose of shopping and

15  purchasing items.

16      13.    As Plaintiff was walking through the store in a reasonably foreseeable manner,

17  she tripped and lost her balance due to an unmarked and dangerous condition – a damaged and

18  lifted portion of metal frame surrounding the carpeted entry area of the SUBJECT PREMISES

19  that Defendants attempted to cover with tape.

20      14.    The standard of care required Defendants to take reasonable measures to ensure

21  their floors were clear and free of any objects. The unmarked and unidentified object posed an

22  unreasonable and dangerous hazard to customers, like Plaintiff.

23      15.    There were no warning signs or other indications to alert Plaintiff to the dangerous

24  condition of object on the floor.

25      16.    Consequently, Plaintiff LAUREN CORNEJO suffered significant physical,

26  economic and emotion injuries because of the trip and loss of balance.

27      17.    Defendants are responsible for hiring, supervising, and training DOE MANAGER

28  and other employees.

MORGAN & MORGAN LOS ANGELES, LLP

MORGAN & MORGAN

1    18.    Defendants have in place safety policies and procedures that are taught to

2  employees, and DOE MANAGER must enforce the policies and procedures and monitor that

3  Dollar Tree store staff comply with these policies and procedures. Despite this, there were no

4  warning signs of the hazardous condition.

5    19.    Plaintiff LAUREN CORNEJO has undergone treatment and care and continues to

6  undergo treatment for the injuries she suffered. Despite the treatment received for injuries, she

7  has and will continue to endure physical, mental and emotional pain and suffering consistent

8  with the type of injuries she has sustained from this incident.

9    20.    Plaintiff's injuries were the direct and proximate result of Defendants' negligence

10  and the unsafe condition they created and/or allowed to exist on their property.

## FIRST CAUSE OF ACTION

### Negligence

*[Against All Defendant(s)]*

14    21.    Plaintiff LAUREN CORNEJO realleages as though fully set forth and

15  incorporates herein by reference, the paragraphs above as though fully set forth within.

16    22.    On the date of injury, Plaintiff LAUREN CORNEJO was lawfully on the premises

17  and was using the premises in a reasonably foreseeable manner.

18    23.    Defendants as the property owners, managers, supervisors, lessees, operators

19  and/or controllers of the SUBJECT PREMISES, had a duty to maintain the premises in a

20  reasonably safe condition, provide safeguards against dangerous conditions, warn Plaintiff and

21  others of dangerous conditions, and exercise due care in the management, operation, ownership,

22  and/or control of the store.

23    24.    Defendants owed Plaintiff a legal duty to exercise reasonable care in the

24  maintenance and operation of the premises. This includes a duty to ensure their employees and

25  agents were properly supervised and trained regarding inspection, maintenance, and cleaning of

26  the store to prevent hazardous conditions.

27    25.    Despite such duties owed by Defendants, including those duties owed to Plaintiff

28  LAUREN CORNEJO, Defendants breached said duties by: (1) failing to maintain the premises

MORGAN & MORGAN
MORGAN & MORGAN LOS ANGELES, LLP
633 W 5th Street Suite 2700 Los Angeles CA 90071

in a safe condition; (2) failing to repair, remedy or address the object on the floor; (3) failing to warn Plaintiff and others of the dangerous condition; (4) failing to otherwise exercise due care with respect to the matters alleged in this complaint; (5) failing to follow statutes, regulations or policies concerning premises safety.

26.     These breaches occurred even though the Defendants knew, or in the exercise of reasonable care should have known, that the unidentified and unmarked object on the floor was a dangerous condition that posed a reasonably foreseeable risk of the kind of injury suffered by Plaintiff, with time to protect against it.

27.     Defendants also failed to use reasonable care because they did not train or properly supervise their employees or agents regarding proper inspection and maintenance of the premises. Defendants knew, or should have known, that failing to properly train or supervise their employees and agents as alleged above created an unreasonable risk of injury to customers such as Plaintiff LAUREN CORNEJO. Further, Plaintiff is informed and believes Defendants knew from previous incidents that it was likely this type of injury would result from the negligent training and supervision of their employees or agents.

28.     Defendants are liable for injuries proximately caused by an act or omission of an employee or independent contractor. As a direct and proximate result of the negligent act and omissions by these Defendants as set forth above, Plaintiff LAUREN CORNEJO suffered the personal injuries previously described as well as physical, mental and emotional pain and suffering. She continues to suffer from these injuries. The conduct of the Defendants was a direct and substantial factor in causing Plaintiff harm. As a proximate result of the negligent conduct of these Defendants, Plaintiff LAUREN CORNEJO has sustained special and general damages, in an amount unascertained at this time, but according to proof at the time of trial.

## SECOND CAUSE OF ACTION

### Premises Liability

*[Against all Defendant(s)]*

29.     Plaintiff LAUREN CORNEJO realleages as though fully set forth and incorporates herein by reference, the paragraphs above as though fully set forth within.

COMPLAINT FOR DAMAGES

MORGAN & MORGAN

MORGAN & MORGAN LOS ANGELES, LLP

1    30.    Defendants owned, leased, occupied, managed or controlled the Dollar Tree store

2    and the surrounding area therein.

3    31.    Defendants as the owners, managers, supervisors, lessees, operators and/or

4    controllers of the SUBJECT PREMISES where Plaintiff was injured, had a duty to maintain the

5    area in a reasonably safe condition, repair and remedy any dangerous conditions, provide

6    safeguards against dangerous conditions, warn Plaintiff and others of dangerous conditions, and

7    exercise due care in the management, operation, ownership, and control of the area.

8    32.    Despite such duties these Defendants breached said duties by: (1) failing to

9    maintain the store in a reasonably safe condition; (2) allowing an unidentified and unmarked

10    object to remain for an unreasonable length of time; (3) failing to repair or otherwise remedy

11    the hazardous condition after it became aware, or should have become aware, of the hazardous

12    condition; (4) failing to warn Plaintiff and others of the dangerous condition of the object on the

13    floor; (5) failing to otherwise exercise due care with respect to the matters alleged in this

14    complaint; (6) creating the hazardous condition by allowing the object on the floor; (7)

15    improperly inspecting, maintaining, or monitoring the condition of the store such that it was safe

16    for customers' use; (8) violating various building codes and regulations concerning the proper

17    maintenance of premises safety.

18    33.    In addition, as direct, legal, and proximate result of the combined and concurrent

19    acts of the Defendants, Plaintiff suffered and sustained loss and damages within the jurisdiction

20    of the Superior Court of California.

21    34.    In addition, as a direct, legal, and proximate result of the combined and concurrent

22    wrongful acts of the Defendant(s) DOLLAR TREE STORES, INC., DOE MANAGER, and

23    DOES 1 THROUGH 25, inclusive of each of them, Plaintiff suffered and sustained the

24    following loss and damages within the jurisdiction of the Superior Court of California:

25        a.    Medical and incidental expenses, in an amount to be established at the time of trial

26             according to proof;

27        b.    Economic loss, including but not limited to loss of wages and salary expectancy

28             in an amount to be established at the time of trial according to proof;

-7-

COMPLAINT FOR DAMAGES

c.  Non-economic loss, in an amount to be established at the time of trial according to proof;

d.  Loss or damage to tangible personal property, in an amount to be established at the time of trial, according to proof; and

e.  Pre-trial interest, in an amount to be established at the time of trial according to proof.

### THIRD CAUSE OF ACTION

**Negligence – Hiring, Supervision & Retention**

*[Against all Defendant(s)]*

35.   Plaintiff LAUREN CORNEJO realleages as though fully set forth and incorporates herein by reference, the paragraphs above as though fully set forth within.

36.   Defendants hired employees and staff for the SUBJECT PREMISES, who are employees, agents, ostensible agents, and/or representatives of Defendants, at the time Plaintiff sustained her injuries.

37.   Plaintiff LAUREN CORNEJO is informed and believes, and thereupon alleges, that Defendants knew, or in the exercise of reasonable care of diligence should have known, that the employees and staff, at the time of hiring, or sometime between the date hired and a date before the subject incident, were unfit or incompetent to perform the work for which they were hired, and this unfitness and/or incompetence regarding the safe and proper maintenance of the premises created a particular risk of harm to others, such as Plaintiff herein.

38.   Plaintiff LAUREN CORNEJO is informed and believes, and thereupon alleges, that Defendants so negligently failed to supervise their employees despite their prior knowledge of unfitness and/or incompetence, whether actual or constructive, in their safe and proper maintenance of the premises while at the direction, control, or influence of Defendants.

39.   Plaintiff LAUREN CORNEJO is informed and believes and thereupon alleges that Defendants so negligently and carelessly elected to retain their employees' services/labor, as they continued to remain as an employee, agent, ostensible agent, and/or a representative of Defendants.

COMPLAINT FOR DAMAGES

40.    Plaintiff LAUREN CORNEJO is informed and believes, and thereupon alleges, that the employees' unfitness and/or incompetence in the safe and proper maintenance of the premises in fact created a particular risk of harm that Plaintiff ultimately suffered; that is, Defendants' employees' unfitness/incompetence in the safe and proper maintenance of the premises directly harmed Plaintiff when they negligently failed to address the object on the floor.

41.    Plaintiff LAUREN CORNEJO is informed and believes, and thereupon alleges that Defendant's negligence in the hiring, supervision and/or retention of their employees despite prior knowledge, whether actual or constructive, of their unfitness and incompetence was a substantial factor in causing Plaintiff's harm.

42.    As a direct, proximate, foreseeable and legal result of the conduct of Defendants, and each of them, Plaintiff was hurt and injured in her health, strength, and activity, sustaining injury to her person, all of which said injuries have caused and continue to cause Plaintiff great mental, physical, and nervous strain, pain, and suffering. Plaintiff is informed and believes, and thereupon alleges, that Plaintiff will thereby continue to suffer from her injuries, all to Plaintiff's general damages in an amount according to proof.

43.    As a direct, proximate, foreseeable and legal result of the conduct of Defendants, Plaintiff was required to and did employee physicians and surgeons and various healthcare providers to examine, treat and care for Plaintiff, and did incur medical, therapeutic and related expenses in an amount according to proof. Plaintiff is informed and believes and thereon alleges that Plaintiff will incur medical, therapeutic and related expenses in the future, in an amount according to proof.

44.    In addition, as a direct, legal, and proximate result of the combined and concurrent wrongful conduct of all of the Defendants, Plaintiff suffered and sustained loss and damages within the jurisdiction of the Superior Court of California.

a.    Medical and incidental expenses, in an amount to be established at the time of trial according to proof;

b.    Economic loss, including but not limited to loss of wages and salary expectancy in an amount to be established at the time of trial according to proof;

MORGAN & MORGAN LOS ANGELES, LLP

MORGAN & MORGAN

-9-

c.  Non-economic loss, in an amount to be established at the time of trial according to proof;

d.  Loss or damage to tangible personal property, in an amount to be established at the time of trial, according to proof; and

e.  Pre-trial interest, in an amount to be established at the time of trial according to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff LAUREN CORNEJO hereby prays for judgment against all Defendant(s) and each of them as follows:

1.  For general and special damages in an amount according to proof;

2.  For medical and incidental expenses, including future expenses, according to proof;

3.  For incidental expenses according to proof

4.  For costs of suit incurred herein.

5.  For prejudgement interest at the rate allowed by law and in accordance with the provision of Section 391 of the Civil Code of California; and

6.  For such other and further relief as the Court deems just and proper.

DATED: September 10, 2025

**MORGAN & MORGAN CALIFORNIA, LLP**

By: _____
Iman Sorat, Esq.
Attorneys for Plaintiff,
LAUREN CORNEJO

MORGAN & MORGAN
MORGAN & MORGAN LOS ANGELES, LLP
633 W. 5th Street, Suite 2700, Los Angeles, CA 90071

1

## DEMAND FOR JURY TRIAL

2

Plaintiff demands a trial by jury in this action.

3

4    DATED: September 10, 2025          **MORGAN & MORGAN CALIFORNIA, LLP**

5

6                                          By:

7                                          Iman Sorat, Esq.
                                           Attorneys for Plaintiff,
8                                          LAUREN CORNEJO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Iman Sorat, Esq. (SBN 275988)<br>Morgan & Morgan California, LLP, 18100 Von Karman Ave, Suite 200, Irvine, CA 92612<br><br>TELEPHONE NO.: (949) 898 - 6501     FAX NO.: (949) 898 - 6755<br>EMAIL ADDRESS: iman.sorat@forthepeople.com<br>ATTORNEY FOR: Plaintiff, LAUREN CORNEJO | **Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>9/10/2025 2:35 PM<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By L. Leyva, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 12720 Norwalk Blvd
MAILING ADDRESS: Same
CITY AND ZIP CODE: Norwalk, 90650
BRANCH NAME: Norwalk Courthouse

CASE NAME:
CORNEJO v DOLLAR TREE STORES, INC., et. al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $35,000) ☐ Limited (Amount demanded is $35,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 25NWCV03217 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☒ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* (3) - 1) Negligence - General; 2) Premises Liability; 3) Negligence - Hiring, Supervision, Retention
5. This case ☐ is ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 09/10/2025

Iman Sorat, Esq.
_____
(TYPE OR PRINT NAME)          ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract *(not unlawful detainer
  or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner
  Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
 case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic
  relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
  harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case *(non-tort/non-complex)*
 Other Civil Complaint
  *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE | CASE NUMBER |
|---|---|
| CORNEJO v DOLLAR TREE STORES, INC., et. al. | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1.  Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.  Location where petitioner resides. |
| 2.  Permissive filing in Central District. | 8.  Location wherein defendant/respondent functions wholly. |
| 3.  Location where cause of action arose. | 9.  Location where one or more of the parties reside. |
| 4.  Location where bodily injury, death or damage occurred. | 10.  Location of Labor Commissioner Office. |
| 5.  Location where performance required, or defendant resides. | 11.  Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.  Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☑ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, ④ |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| LASC CIV 109 Rev. 01/23 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
|---|---|---|
| For Mandatory Use | AND STATEMENT OF LOCATION | |

| SHORT TITLE | CASE NUMBER |
|---|---|
| CORNEJO v DOLLAR TREE STORES, INC., et. al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| CORNEJO v DOLLAR TREE STORES, INC., et. al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| CORNEJO v DOLLAR TREE STORES, INC., et. al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| CORNEJO v DOLLAR TREE STORES, INC., et. al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | 14029 Pioneer Blvd, Norwalk, CA 90650 |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Norwalk | CA | 90650 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Southeast___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 09/10/2025

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.



**Superior Court of California, County of Los Angeles**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

## Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)

Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

Batch #23015434 Seq #23 Tracking #

| | Reserved for Clerk's File Stamp |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES** | |
| COURTHOUSE ADDRESS:<br>Norwalk Courthouse<br>12720 Norwalk Blvd.,  Norwalk, CA 90650 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**09/10/2025**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ L. Leyva _____ Deputy |
| PLAINTIFF/PETITIONER:<br>LAUREN CORNEJO | |
| DEFENDANT/RESPONDENT:<br>DOLLAR TREE STORES, INC., a Stock Corporation, et al. | |

| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25NWCV03217 |
|---|---|

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Notice of Case Management Conference** upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in **Norwalk**, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Iman Sorat
MORGAN & MORGAN CALIFORNIA, LLP
18100 Von Karman Ave, suite 200 Ste 200
Irvine, CA 92612

David W. Slayton, Executive Officer / Clerk of Court

Dated: 09/10/2025

By: L. Leyva
Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
**Norwalk Courthouse**
12720 Norwalk Blvd., Norwalk, CA 90650

PLAINTIFF:
LAUREN CORNEJO

DEFENDANT:
DOLLAR TREE STORES, INC., a Stock Corporation, et al.

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

09/10/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _____ L. Leyva _____ Deputy

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
**25NWCV03217**

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| | | |
|---|---|---|
| Date: 01/29/2026 | Time: 9:00 AM | Dept.: P |

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 09/10/2025 _____

_Ann H. Park_
Judicial Officer

### CERTIFICATE OF SERVICE    Ann H. Park / Judge

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Norwalk _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Iman Sorat
18100 Von Karman Ave, suite 200 Ste 200
Irvine, CA 92612

David W. Slayton, Executive Officer / Clerk of Court

Dated: 09/10/2025 _____

By L. Leyva _____
Deputy Clerk

LASC LACIV 132 Rev. 01/23
For Optional Use

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

Batch #21015A314 Seq #23 Tracking #

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| IMAN SORAT, ESQ. (SBN 275988) <br> **MORGAN & MORGAN CALIFORNIA, LLP** <br> 18200 VON KARMAN AVE., SUITE 200 <br> IRVINE, CA 92612 <br> TELEPHONE NO.: (949) 898-6501    FAX NO. *(Optional):* (949) 898-6755 <br> E-MAIL ADDRESS *(Optional):* iman.sorat@forthepeople.com <br> ATTORNEY FOR *(Name):* PLAINTIFF | **Electronically FILED by <br> Superior Court of California, <br> County of Los Angeles <br> 11/24/2025 1:05 PM <br> David W. Slayton, <br> Executive Officer/Clerk of Court, <br> By W. Noble, Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 12720 NORWALK BLVD. |
| MAILING ADDRESS: SAME AS ABOVE |
| CITY AND ZIP CODE: NORWALK, CA 90650 |
| BRANCH NAME: NORWALK COURTHOUSE |

| PLAINTIFF/PETITIONER: LAUREN CORNEJO, an Individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DOLLAR TREE STORES, INC., a Stock Corporation; et al. | **25NWCV03217** |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: <br> MORMOOC-0013366.GE |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint for Damages - Demand for Jury Trial
   c. ☑ Alternative Dispute Resolution (ADR) Information Package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-Complaint
   f. ☑ Other *(specify documents):* CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE MANAGEMENT CONFERENCE; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE; [CIV-050] STATEMENT OF DAMAGES (Personal Injury or Wrongful Death)

3. a. Party served *(specify name of party as shown on documents served):*
   DOLLAR TREE STORES, INC., a Stock Corporation

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   CSC LAWYERS INCORPORATING SERVICE, AGENTS FOR SERVICE By leaving with REBECCA VANG, AUTHORIZED TO ACCEPT

4. Address where the party was served: 2710 GATEWAY OAKS DRIVE, SUITE 150N, SACRAMENTO, CA 95833

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **11/19/2025**    (2) at *(time):* **08:44 AM**
   b. ☐ **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ.Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-010 [Rev. January 1. 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF/PETITIONER: LAUREN CORNEJO, an Individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DOLLAR TREE STORES, INC., a Stock Corporation; et al. | **25NWCV03217** |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date)*:                              (2) from *(city)*:

(3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt).* (Code Civ. Proc., § 415.30.)

(4) ☐  to an address outside California with return receipt requested.   (Code Civ. Proc., § 415.40.)

d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

☐  Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  ☐  as an individual defendant.
   b.  ☐  as the person sued under the fictitious name of *(specify)*:
   c.  ☐  as occupant.
   d.  ☑  On behalf of *(specify)*:   DOLLAR TREE STORES, INC., a Stock Corporation
       under the following Code of Civil Procedure section:

   ☑ 416.10 (corporation)                         ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation)                 ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association)     ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership)           ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity)                        ☐ 415.46 (occupant)
                                                   ☐ other:

7.  **Person who served papers**
   a.  Name:  GERARDO MARTINEZ
   b.  Address:  PO Box 861057, Los Angeles, California 90086
   c.  Telephone number:  (213) 975-9850
   d.  **The fee** for service was: $  138.00
   e.  I am:
       (1) ☐  not a registered California process server.
       (2) ☐  exempt from registration under Business and Professions Code section  22350(b).
       (3) ☑  registered California process server:
           (i)  ☐ owner   ☐ employee   ☑ independent contractor.
           (ii)  Registration No.: 2024-063
           (iii)  County:  SACRAMENTO

8.  ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  11/20/2025

GERARDO MARTINEZ
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                              (SIGNATURE )

**- DO NOT FILE WITH THE COURT -**
**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

**CIV-050**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.: (949) 898-6501 | FOR COURT USE ONLY |
|---|---|---|
| Iman Sorat, Esq. (SBN 275988) MORGAN & MORGAN CALIFORNIA, LLP 18100 Von Karman Ave, Suite 200 Irvine, CA 92612 | | |

ATTORNEY FOR *(name):* Plaintiff, Lauren Cornejo

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 12720 Norwalk Blvd
MAILING ADDRESS: Same
CITY AND ZIP CODE: Norwalk, 90650
BRANCH NAME: Norwalk Courthouse

PLAINTIFF: LAUREN CORNEJO
DEFENDANT: DOLLAR TREE STORES, INC., et. al.

| STATEMENT OF DAMAGES (Personal Injury or Wrongful Death) | CASE NUMBER: 25NWCV03217 |
|---|---|

To *(name of one defendant only):* DOLLAR TREE STORES, INC.
Plaintiff *(name of one plaintiff only):* LAUREN CORNEJO
seeks damages in the above-entitled action, as follows:

**AMOUNT**

1. **General damages**
   a. [X] Pain, suffering, and inconvenience .......................................................... $ 500,000.00
   b. [X] Emotional distress. ........................................................................... $ 500,000.00
   c. [ ] Loss of consortium ............................................................................ $ _____
   d. [ ] Loss of society and companionship *(wrongful death actions only)* .............. $ _____
   e. [ ] Other *(specify)* _____ $ _____
   f. [ ] Other *(specify)* _____ $ _____
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [X] Medical expenses *(to date)* ............................................................... $ 38,754.03
   b. [X] Future medical expenses *(present value)* .............................................. $ 100,000.00
   c. [X] Loss of earnings *(to date)* ................................................................. $ TBD
   d. [X] Loss of future earning capacity *(present value)* ...................................... $ TBD
   e. [ ] Property damage .............................................................................. $ _____
   f. [ ] Funeral expenses *(wrongful death actions only)* ...................................... $ _____
   g. [ ] Future contributions *(present value) (wrongful death actions only)* ............. $ _____
   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ... $ _____
   i. [ ] Other *(specify)* _____ $ _____
   j. [ ] Other *(specify)* _____ $ _____
   k. [ ] Continued on Attachment 2.k.

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ _____
   when pursuing a judgment in the suit filed against you.

Date: 11/18/2025

Iman Sorat, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
courts.ca.gov

**CIV-050**

| | |
|---|---|
| PLAINTIFF: LAUREN CORNEJO<br>DEFENDANT: DOLLAR TREE STORES, INC., et. al. | CASE NUMBER:<br>25NWCV03217 |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages  ☐ Other  *(specify):*
   b. on *(name):*
   c. by serving ☐ defendant  ☐ other  *(name and title or relationship to person served):*
   d. ☐ by delivery  ☐ at home  ☐ at business
      (1) date:
      (2) time:
      (3) address:
   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box):*
   a. ☐ **Personal service.** By personally delivering copies. (Code Civ. Proc., § 415.10.)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (Code Civ. Proc., § 415.20(a).)
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (Code Civ. Proc., § 415.20(b).) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (Code Civ. Proc., § 415.30.) **(Attach completed acknowledgment of receipt.)**
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (Code Civ. Proc., § 415.40.) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. ☐ Other *(specify code section):*
      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Business and Professions Code section 22350(b)

   f. Name, address, and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

**PROOF OF SERVICE**
**(Statement of Damages)**

Code of Civil Procedure §§ 425.11, 425.115

EXHIBIT B

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Norwalk Courthouse<br>12720 Norwalk Blvd., Norwalk, CA 90650 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**09/10/2025**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ L. Leyva _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>25NWCV03217 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Ann H. Park | P | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 09/10/2025 _____                    By L. Leyva _____, Deputy Clerk
    (Date)

LACIV 190 (Rev 6/18)
LASC Approved 05/06            **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT C



**null / ALL**
**Transmittal Number: 32731543**
**Date Processed: 11/19/2025**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Essence Oliphant<br>Dollar Tree Stores Inc<br>500 Volvo Pkwy<br>Chesapeake, VA 23320-1604 |
| **Electronic copy provided to:** | Heather Mohr<br>JJ Jacobson-Allen |

| | |
|---|---|
| **Entity:** | Dollar Tree Stores, Inc.<br>Entity ID Number  3697563 |
| **Entity Served:** | Dollar Tree Stores, Inc. |
| **Title of Action:** | Lauren Cornejo vs. Dollar Tree Stores, Inc. |
| **Matter Name/ID:** | Lauren Cornejo vs. Dollar Tree Stores, Inc. (18226366) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 25NWCV03217 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 11/19/2025 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Morgan & Morgan California, LLP<br>949-898-6501 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DOLLAR TREE STORES, INC., a Stock Corporation; DOE MANAGER; and DOES 1 through 25, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LAUREN CORNEJO, an Individual,

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/10/2025 2:35 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By L. Leyva, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

  You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

  *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

  *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* NORWALK COURTHOUSE

12720 Norwalk Blvd, Norwalk, CA 90650

**CASE NUMBER:**
*(Número del Caso):*

**25NWCV03217**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Iman Sorat, Esq., Morgan & Morgan California LLP, 18100 Von Karman Ave, Suite 200, Irvine, CA 92612; (949) 898-6501

| DATE:<br>*(Fecha)* | 09/10/2025 | Clerk, by<br>*(Secretario)* | L. Leyva | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: DOLLAR TREE STORES, INC., a Stock Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

Iman Sorat, Esq. (SBN 275988)
**MORGAN & MORGAN CALIFORNIA, LLP**
18100 Von Karman Ave, Suite 200
Irvine, CA 92612
Telephone: (949) 898-6501
Facsimile: (949) 898-6755
Email: iman.sorat@forthepeople.com

*Attorneys for Plaintiff,*
LAUREN CORNEJO

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/10/2025 2:35 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By L. Leyva, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES – UNLIMITED JURISDICTION

| | |
|---|---|
| LAUREN CORNEJO, an Individual,<br><br><br><br>Plaintiff,<br><br>vs.<br><br>DOLLAR TREE STORES, INC., a Stock Corporation; DOE MANAGER; and DOES 1 through 25, Inclusive,<br><br><br>Defendant(s). | CASE NO.: 25NWCV03217<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **NEGLIGENCE - GENERAL**<br><br>2. **PREMISES LIABILITY**<br><br>3. **NEGLIGENCE – HIRING, SUPERIVISON & RETENTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff LAUREN CORNEJO ("Plaintiff"), hereby alleges as follows, based upon personal knowledge as to their own acts, and on information and belief as to all other matters:

## JURISDICTION AND VENUE

1.      This is an action for damages in excess of THIRTY-FIVE THOUSAND DOLLARS ($35,000.00), exclusive of interests and costs.

2.      Venue is proper as these causes of action occurred in Los Angeles County, California.

## GENERAL ALLEGATIONS

-1-

COMPLAINT FOR DAMAGES

MORGAN & MORGAN

MORGAN & MORGAN LOS ANGELES LLP
633 W. 5th Street, Suite 2700, Los Angeles, CA 90071

3.    This is an action for personal injury arising out of an incident that occurred on or about January 16, 2025, and which proximately caused serious and permanent injury to Plaintiff's person. The negligent acts and omissions of the Defendant(s) DOLLAR TREE STORES, INC., DOE MANAGER, and DOES 1 THROUGH 25, herein alleged took place in or about the City of Norwalk, State of California. Accordingly, the venue within this judicial district is proper.

4.    At all times relevant herein, Plaintiff LAUREN CORNEJO is an individual over the age of 18 and a resident of the City of Norwalk, County of Los Angeles, State of California.

5.    Plaintiff is informed and believes, and based upon such information and belief alleges that at all times relevant herein, Defendants DOLLAR TREE STORES, INC., was and is a duly licensed Virginia Corporation, that legally owns, maintains, operates, controls, repairs, supervises, manages and/or occupies real property and provide services in the County of Los Angeles, including in and around the Norwalk area, located at 14029 Pioneer Blvd, Norwalk, CA 90650. (herein referred to as the "SUBJECT PREMISES"). In this respect, it is understood and believed that Defendant owns, maintains, operates, controls, repairs, supervises, manages and/or occupies the establishment where Plaintiff's injuries occurred.

6.    Defendant DOE MANAGER, at all times relevant herein, is and was a resident of the County of Los Angeles, California, over the age of 18 years, and the Manager for the Dollar Tree store where PLAINTIFF'S injury occurred. DOE MANAGER was responsible for operating, supervising and/or managing the Dollar Tree store and ensuring the premises was kept free of hazardous conditions and that employees were reasonably trained to protect customers from encountering hazardous conditions.

7.    The true names and/or capacities, whether individual, corporate, associate or otherwise of the Defendant(s) DOES 1 THROUGH 25, inclusive, and each of them, are unknown to Plaintiff who therefore sues said Defendant(s) by such fictitious names pursuant to Code of Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that each of these Defendant(s) fictitiously named herein as a DOE is legally responsible, negligent or in some other actionable manner liable for the events and happenings hereinafter referred to, and

1    proximately and legally caused the injuries to Plaintiff as hereinafter alleged.  Plaintiff will seek

2    leave of the Court to amend this Complaint to insert the true names and/or capacities of such

3    fictitiously named Defendant(s) when the same has been ascertained.  Each reference in this

4    complaint to "Defendant," "Defendants," or specifically named Defendants refers to all named

5    Defendants and those sued under fictitious names. Defendants DOLLAR TREE STORES, INC.,

6    DOE MANAGER, and DOES 1 through 25, Inclusive, are hereinafter referred to collectively

7    as "Defendants."

8         8.    Plaintiff is informed and believes, and based upon such information and belief

9    alleges that at all times relevant hereto, each Defendant, including DOES 1 THROUGH 25, was

10   the owner, servant, agent, joint-ventures, employee or employer of each of its co-Defendant(s),

11   and in doing the acts hereinafter mentioned, each Defendant was acting within the scope of its

12   authority and with the permission and consent of its co-Defendant(s), and each of them, and that

13   said acts of each Defendant was ratified by said Defendant's co-Defendant(s), and each of them

14   and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and

15   hiring of each and every other Defendant as an agent, employee and/or joint ventures.

16        9.    Plaintiff is informed and believes, and based upon such information and belief

17   alleges that all of the acts, conduct, and nonfeasance herein carried out by each and every

18   representative, employee or agent of each and every corporate or business defendant, were

19   authorized, ordered, and directed by the respective defendant's corporate or business employers,

20   officers, directors and/or managing agents; that in addition thereto, said corporate or business

21   employers, officers, directors and/or managing agents had advance knowledge of, authorized,

22   and participated in the herein described acts, conduct and nonfeasance of their representatives,

23   employees, agents and each of them; and that in addition thereto, upon the completion of the

24   aforesaid acts, conduct and nonfeasance of the employees and agents, the aforesaid corporate

25   and business employers, officers, directors and/or managing agents respectively ratified,

26   accepted the benefits of, condoned and approved of each and all of said acts, conduct or

27   nonfeasance of their co-employees, employers, and agents.  In addition, at all times herein

28   relevant, each defendant, whether named herein or designated as a DOE, was a principal, master,

-3-
COMPLAINT FOR DAMAGES

MORGAN & MORGAN

MORGAN & MORGAN LOS ANGELES, LLP

MORGAN & MORGAN
MORGAN & MORGAN LOS ANGELES, LLP
633 W. 5th Street, Suite 2700, Los Angeles, CA 90071

1    employer and joint venturer or every other defendant, and every defendant was acting within

2    the scope of said agency authority, employment and joint venture.

3        10.    Moreover, Plaintiff reserves the right to insert the name of such entities as DOE

4    defendants if it is later shown through discovery that said entities were in fact involved and

5    culpable. At such time, the filing of the present lawsuit shall protect the statute of limitations

6    and will cause any subsequent DOE amendments to "relate back" to the original filing date for

7    the subject lawsuit.

8        11.    Plaintiff is informed and believes, and based upon such information and belief

9    alleges that that Defendants owned, managed, repaired, maintained and/or controlled the

10   property or was responsible for maintaining, cleaning, repairing, or managing the property

11   located at 14029 Pioneer Blvd, Norwalk, CA 90650.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

12       12.    On or about January 16, 2025, Plaintiff LAUREN CORNEJO was a lawful invitee

13   on the SUBJECT PREMISES, a Dollar Tree retail store, for the purpose of shopping and

14   purchasing items.

15

16       13.    As Plaintiff was walking through the store in a reasonably foreseeable manner,

17   she tripped and lost her balance due to an unmarked and dangerous condition – a damaged and

18   lifted portion of metal frame surrounding the carpeted entry area of the SUBJECT PREMISES

19   that Defendants attempted to cover with tape.

20       14.    The standard of care required Defendants to take reasonable measures to ensure

21   their floors were clear and free of any objects. The unmarked and unidentified object posed an

22   unreasonable and dangerous hazard to customers, like Plaintiff.

23       15.    There were no warning signs or other indications to alert Plaintiff to the dangerous

24   condition of object on the floor.

25       16.    Consequently, Plaintiff LAUREN CORNEJO suffered significant physical,

26   economic and emotion injuries because of the trip and loss of balance.

27       17.    Defendants are responsible for hiring, supervising, and training DOE MANAGER

28   and other employees.

1    18.    Defendants have in place safety policies and procedures that are taught to

2    employees, and DOE MANAGER must enforce the policies and procedures and monitor that

3    Dollar Tree store staff comply with these policies and procedures. Despite this, there were no

4    warning signs of the hazardous condition.

5    19.    Plaintiff LAUREN CORNEJO has undergone treatment and care and continues to

6    undergo treatment for the injuries she suffered. Despite the treatment received for injuries, she

7    has and will continue to endure physical, mental and emotional pain and suffering consistent

8    with the type of injuries she has sustained from this incident.

9    20.    Plaintiff's injuries were the direct and proximate result of Defendants' negligence

10    and the unsafe condition they created and/or allowed to exist on their property.

## FIRST CAUSE OF ACTION

### Negligence

*[Against All Defendant(s)]*

14    21.    Plaintiff LAUREN CORNEJO realleages as though fully set forth and

15    incorporates herein by reference, the paragraphs above as though fully set forth within.

16    22.    On the date of injury, Plaintiff LAUREN CORNEJO was lawfully on the premises

17    and was using the premises in a reasonably foreseeable manner.

18    23.    Defendants as the property owners, managers, supervisors, lessees, operators

19    and/or controllers of the SUBJECT PREMISES, had a duty to maintain the premises in a

20    reasonably safe condition, provide safeguards against dangerous conditions, warn Plaintiff and

21    others of dangerous conditions, and exercise due care in the management, operation, ownership,

22    and/or control of the store.

23    24.    Defendants owed Plaintiff a legal duty to exercise reasonable care in the

24    maintenance and operation of the premises. This includes a duty to ensure their employees and

25    agents were properly supervised and trained regarding inspection, maintenance, and cleaning of

26    the store to prevent hazardous conditions.

27    25.    Despite such duties owed by Defendants, including those duties owed to Plaintiff

28    LAUREN CORNEJO, Defendants breached said duties by: (1) failing to maintain the premises

MORGAN & MORGAN

MORGAN & MORGAN LOS ANGELES, LLP
633 W. 5th Street, Suite 2700, Los Angeles, CA 90071

1  in a safe condition; (2) failing to repair, remedy or address the object on the floor; (3) failing to

2  warn Plaintiff and others of the dangerous condition; (4) failing to otherwise exercise due care

3  with respect to the matters alleged in this complaint; (5) failing to follow statutes, regulations or

4  policies concerning premises safety.

5     26. These breaches occurred even though the Defendants knew, or in the exercise of

6  reasonable care should have known, that the unidentified and unmarked object on the floor was

7  a dangerous condition that posed a reasonably foreseeable risk of the kind of injury suffered by

8  Plaintiff, with time to protect against it.

9     27. Defendants also failed to use reasonable care because they did not train or properly

10  supervise their employees or agents regarding proper inspection and maintenance of the

11  premises. Defendants knew, or should have known, that failing to properly train or supervise

12  their employees and agents as alleged above created an unreasonable risk of injury to customers

13  such as Plaintiff LAUREN CORNEJO. Further, Plaintiff is informed and believes Defendants

14  knew from previous incidents that it was likely this type of injury would result from the negligent

15  training and supervision of their employees or agents.

16     28. Defendants are liable for injuries proximately caused by an act or omission of an

17  employee or independent contractor. As a direct and proximate result of the negligent act and

18  omissions by these Defendants as set forth above, Plaintiff LAUREN CORNEJO suffered the

19  personal injuries previously described as well as physical, mental and emotional pain and

20  suffering. She continues to suffer from these injuries. The conduct of the Defendants was a direct

21  and substantial factor in causing Plaintiff harm. As a proximate result of the negligent conduct

22  of these Defendants, Plaintiff LAUREN CORNEJO has sustained special and general damages,

23  in an amount unascertained at this time, but according to proof at the time of trial.

24  **SECOND CAUSE OF ACTION**

25  **Premises Liability**

26  *[Against all Defendant(s)]*

27     29. Plaintiff LAUREN CORNEJO realleages as though fully set forth and

28  incorporates herein by reference, the paragraphs above as though fully set forth within.

MORGAN & MORGAN LOS ANGELES, LLP

1      30.    Defendants owned, leased, occupied, managed or controlled the Dollar Tree store

2    and the surrounding area therein.

3      31.    Defendants as the owners, managers, supervisors, lessees, operators and/or

4    controllers of the SUBJECT PREMISES where Plaintiff was injured, had a duty to maintain the

5    area in a reasonably safe condition, repair and remedy any dangerous conditions, provide

6    safeguards against dangerous conditions, warn Plaintiff and others of dangerous conditions, and

7    exercise due care in the management, operation, ownership, and control of the area.

8      32.    Despite such duties these Defendants breached said duties by: (1) failing to

9    maintain the store in a reasonably safe condition; (2) allowing an unidentified and unmarked

10   object to remain for an unreasonable length of time; (3) failing to repair or otherwise remedy

11   the hazardous condition after it became aware, or should have become aware, of the hazardous

12   condition; (4) failing to warn Plaintiff and others of the dangerous condition of the object on the

13   floor; (5) failing to otherwise exercise due care with respect to the matters alleged in this

14   complaint; (6) creating the hazardous condition by allowing the object on the floor; (7)

15   improperly inspecting, maintaining, or monitoring the condition of the store such that it was safe

16   for customers' use; (8) violating various building codes and regulations concerning the proper

17   maintenance of premises safety.

18      33.    In addition, as direct, legal, and proximate result of the combined and concurrent

19   acts of the Defendants, Plaintiff suffered and sustained loss and damages within the jurisdiction

20   of the Superior Court of California.

21      34.    In addition, as a direct, legal, and proximate result of the combined and concurrent

22   wrongful acts of the Defendant(s) DOLLAR TREE STORES, INC., DOE MANAGER, and

23   DOES 1 THROUGH 25, inclusive of each of them, Plaintiff suffered and sustained the

24   following loss and damages within the jurisdiction of the Superior Court of California:

25           a.    Medical and incidental expenses, in an amount to be established at the time of trial

26                according to proof;

27           b.    Economic loss, including but not limited to loss of wages and salary expectancy

28                in an amount to be established at the time of trial according to proof;

MORGAN & MORGAN
MORGAN & MORGAN LOS ANGELES, LLP
633 W. 5th Street, Suite 2700, Los Angeles, CA 90071

c. Non-economic loss, in an amount to be established at the time of trial according to proof;

d. Loss or damage to tangible personal property, in an amount to be established at the time of trial, according to proof; and

e. Pre-trial interest, in an amount to be established at the time of trial according to proof.

### **THIRD CAUSE OF ACTION**

**Negligence – Hiring, Supervision & Retention**

*[Against all Defendant(s)]*

35.     Plaintiff LAUREN CORNEJO realleages as though fully set forth and incorporates herein by reference, the paragraphs above as though fully set forth within.

36.     Defendants hired employees and staff for the SUBJECT PREMISES, who are employees, agents, ostensible agents, and/or representatives of Defendants, at the time Plaintiff sustained her injuries.

37.     Plaintiff LAUREN CORNEJO is informed and believes, and thereupon alleges, that Defendants knew, or in the exercise of reasonable care of diligence should have known, that the employees and staff, at the time of hiring, or sometime between the date hired and a date before the subject incident, were unfit or incompetent to perform the work for which they were hired, and this unfitness and/or incompetence regarding the safe and proper maintenance of the premises created a particular risk of harm to others, such as Plaintiff herein.

38.     Plaintiff LAUREN CORNEJO is informed and believes, and thereupon alleges, that Defendants so negligently failed to supervise their employees despite their prior knowledge of unfitness and/or incompetence, whether actual or constructive, in their safe and proper maintenance of the premises while at the direction, control, or influence of Defendants.

39.     Plaintiff LAUREN CORNEJO is informed and believes and thereupon alleges that Defendants so negligently and carelessly elected to retain their employees' services/labor, as they continued to remain as an employee, agent, ostensible agent, and/or a representative of Defendants.

MORGAN & MORGAN LOS ANGELES, LLP

COMPLAINT FOR DAMAGES

40.    Plaintiff LAUREN CORNEJO is informed and believes, and thereupon alleges, that the employees' unfitness and/or incompetence in the safe and proper maintenance of the premises in fact created a particular risk of harm that Plaintiff ultimately suffered; that is, Defendants' employees' unfitness/incompetence in the safe and proper maintenance of the premises directly harmed Plaintiff when they negligently failed to address the object on the floor.

41.    Plaintiff LAUREN CORNEJO is informed and believes, and thereupon alleges that Defendant's negligence in the hiring, supervision and/or retention of their employees despite prior knowledge, whether actual or constructive, of their unfitness and incompetence was a substantial factor in causing Plaintiff's harm.

42.    As a direct, proximate, foreseeable and legal result of the conduct of Defendants, and each of them, Plaintiff was hurt and injured in her health, strength, and activity, sustaining injury to her person, all of which said injuries have caused and continue to cause Plaintiff great mental, physical, and nervous strain, pain, and suffering. Plaintiff is informed and believes, and thereupon alleges, that Plaintiff will thereby continue to suffer from her injuries, all to Plaintiff's general damages in an amount according to proof.

43.    As a direct, proximate, foreseeable and legal result of the conduct of Defendants, Plaintiff was required to and did employee physicians and surgeons and various healthcare providers to examine, treat and care for Plaintiff, and did incur medical, therapeutic and related expenses in an amount according to proof. Plaintiff is informed and believes and thereon alleges that Plaintiff will incur medical, therapeutic and related expenses in the future, in an amount according to proof.

44.    In addition, as a direct, legal, and proximate result of the combined and concurrent wrongful conduct of all of the Defendants, Plaintiff suffered and sustained loss and damages within the jurisdiction of the Superior Court of California.

    a.    Medical and incidental expenses, in an amount to be established at the time of trial according to proof;

    b.    Economic loss, including but not limited to loss of wages and salary expectancy in an amount to be established at the time of trial according to proof;

MORGAN & MORGAN
MORGAN & MORGAN LOS ANGELES, LLP
633 W. 5th Street, Suite 2700, Los Angeles, CA 90071

c. Non-economic loss, in an amount to be established at the time of trial according to proof;

d. Loss or damage to tangible personal property, in an amount to be established at the time of trial, according to proof; and

e. Pre-trial interest, in an amount to be established at the time of trial according to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff LAUREN CORNEJO hereby prays for judgment against all Defendant(s) and each of them as follows:

1. For general and special damages in an amount according to proof;

2. For medical and incidental expenses, including future expenses, according to proof;

3. For incidental expenses according to proof

4. For costs of suit incurred herein.

5. For prejudgement interest at the rate allowed by law and in accordance with the provision of Section 391 of the Civil Code of California; and

6. For such other and further relief as the Court deems just and proper.

DATED: September 10, 2025                    **MORGAN & MORGAN CALIFORNIA, LLP**

By: _____
Iman Sorat, Esq.
Attorneys for Plaintiff,
LAUREN CORNEJO

MORGAN & MORGAN LOS ANGELES, LLP
633 W. 5th Street, Suite 2700, Los Angeles, CA 90071

1

## DEMAND FOR JURY TRIAL

2

Plaintiff demands a trial by jury in this action.

3

4    DATED: September 10, 2025          **MORGAN & MORGAN CALIFORNIA, LLP**

5

6                                      By: _____

7                                      Iman Sorat, Esq.
                                       Attorneys for Plaintiff,
8                                      LAUREN CORNEJO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT D

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Iman Sorat, Esq. (SBN 275988)<br>Morgan & Morgan California, LLP, 18100 Von Karman Ave, Suite 200, Irvine, CA 92612<br><br>TELEPHONE NO.: (949) 898 - 6501          FAX NO.: (949) 898 - 6755<br>EMAIL ADDRESS: iman.sorat@forthepeople.com<br>ATTORNEY FOR: Plaintiff, LAUREN CORNEJO | *FOR COURT USE ONLY*<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>9/10/2025 2:35 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By L. Leyva, Deputy Clerk** |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 12720 Norwalk Blvd<br>MAILING ADDRESS: Same<br>CITY AND ZIP CODE: Norwalk, 90650<br>BRANCH NAME: Norwalk Courthouse |

| |
|---|
| CASE NAME:<br>CORNEJO v DOLLAR TREE STORES, INC., et. al. |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $35,000)    [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 25NWCV03217 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: (3) - 1) Negligence - General; 2) Premises Liability; 3) Negligence - Hiring, Supervision, Retention
5. This case [ ] is  [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 09/10/2025

Iman Sorat, Esq.
_____
(TYPE OR PRINT NAME)

▶  _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice-- Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE | CASE NUMBER |
|---|---|
| CORNEJO v DOLLAR TREE STORES, INC., et. al. | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☑ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, ④ |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| CORNEJO v DOLLAR TREE STORES, INC., et. al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| CORNEJO v DOLLAR TREE STORES, INC., et. al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| CORNEJO v DOLLAR TREE STORES, INC., et. al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| CORNEJO v DOLLAR TREE STORES, INC., et. al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>14029 Pioneer Blvd, Norwalk, CA 90650 |
|---|---|
| CITY:<br>Norwalk    STATE:<br>CA    ZIP CODE:<br>90650 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the  Southeast   District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 09/10/2025 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

EXHIBIT E



**Superior Court of California, County of Los Angeles**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*

  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

### Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)

Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

EXHIBIT F

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Norwalk Courthouse<br>12720 Norwalk Blvd.,  Norwalk, CA 90650 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**09/10/2025**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ L. Leyva _____ Deputy |
| PLAINTIFF/PETITIONER:<br>LAUREN CORNEJO | |
| DEFENDANT/RESPONDENT:<br>DOLLAR TREE STORES, INC., a Stock Corporation, et al. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25NWCV03217 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Notice of Case Management Conference** upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in **Norwalk**, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Iman Sorat
MORGAN & MORGAN CALIFORNIA, LLP
18100 Von Karman Ave, suite 200 Ste 200
Irvine, CA 92612

David W. Slayton, Executive Officer / Clerk of Court

Dated: 09/10/2025

By:  L. Leyva
        Deputy Clerk

**CERTIFICATE OF MAILING**

Batch #21015433A Seq #23 Tracking #

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
**Norwalk Courthouse**
12720 Norwalk Blvd., Norwalk, CA 90650

PLAINTIFF:
**LAUREN CORNEJO**

DEFENDANT:
DOLLAR TREE STORES, INC., a Stock Corporation, et al.

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**09/10/2025**

David W. Slayton, Executive Officer / Clerk of Court

By: _____ L. Leyva _____ Deputy

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
**25NWCV03217**

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 01/29/2026 | Time: 9:00 AM | Dept.: P |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: _09/10/2025_

_A. H. Park_
Judicial Officer

## CERTIFICATE OF SERVICE   Ann H. Park / Judge

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _Norwalk_____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Iman Sorat
18100 Von Karman Ave, suite 200 Ste 200
Irvine, CA 92612

David W. Slayton, Executive Officer / Clerk of Court

By _L. Leyva_____
Deputy Clerk

Dated: _09/10/2025_____

LASC LACIV 132 Rev. 01/23
For Optional Use

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT G

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>IMAN SORAT, ESQ. (SBN 275988)<br>**MORGAN & MORGAN CALIFORNIA, LLP**<br>18200 VON KARMAN AVE., SUITE 200<br>IRVINE, CA 92612<br>TELEPHONE NO.: (949) 898-6501      FAX NO. *(Optional):* (949) 898-6755<br>E-MAIL ADDRESS *(Optional):* iman.sorat@forthepeople.com<br>ATTORNEY FOR *(Name):* PLAINTIFF | FOR COURT USE ONLY<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>11/24/2025 1:05 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By W. Noble, Deputy Clerk** |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
| STREET ADDRESS: 12720 NORWALK BLVD. |
| MAILING ADDRESS: SAME AS ABOVE |
| CITY AND ZIP CODE: NORWALK, CA 90650 |
| BRANCH NAME: NORWALK COURTHOUSE |

| | |
|---|---|
| PLAINTIFF/PETITIONER: LAUREN CORNEJO, an Individual<br>DEFENDANT/RESPONDENT: DOLLAR TREE STORES, INC., a Stock Corporation; et al. | CASE NUMBER:<br>**25NWCV03217** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>MORMOOC-0013366.GE |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons

   b. ☑ Complaint for Damages - Demand for Jury Trial

   c. ☑ Alternative Dispute Resolution (ADR) Information Package

   d. ☑ Civil Case Cover Sheet

   e. ☐ Cross-Complaint

   f. ☑ Other *(specify documents):* CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE MANAGEMENT CONFERENCE; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE; [CIV-050] STATEMENT OF DAMAGES (Personal Injury or Wrongful Death)

3. a. Party served *(specify name of party as shown on documents served):*
   DOLLAR TREE STORES, INC., a Stock Corporation

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   CSC LAWYERS INCORPORATING SERVICE, AGENTS FOR SERVICE By leaving with REBECCA VANG, AUTHORIZED TO ACCEPT

4. Address where the party was served: 2710 GATEWAY OAKS DRIVE, SUITE 150N, SACRAMENTO, CA 95833

5. I served the party *(check proper box)*

   a. ☑ **by personal service.** I personally delivered the documents listed item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **11/19/2025**     (2) at *(time):* **08:44 AM**

   b. ☐ **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ.Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1. 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: LAUREN CORNEJO, an Individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DOLLAR TREE STORES, INC., a Stock Corporation; et al. | **25NWCV03217** |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*        (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt).* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* DOLLAR TREE STORES, INC., a Stock Corporation
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: GERARDO MARTINEZ
  b. Address: PO Box 861057, Los Angeles, California 90086
  c. Telephone number: (213) 975-9850
  d. **The fee** for service was: $ 138.00
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
      (i) ☐ owner ☐ employee ☑ independent contractor.
      (ii) Registration No.: 2024-063
      (iii) County: SACRAMENTO

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 11/20/2025

GERARDO MARTINEZ
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE )

EXHIBIT H

*- DO NOT FILE WITH THE COURT -*
*- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -*

**CIV-050**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.: (949) 898-6501 | FOR COURT USE ONLY |
|---|---|---|
| Iman Sorat, Esq. (SBN 275988)<br>MORGAN & MORGAN CALIFORNIA, LLP<br>18100 Von Karman Ave, Suite 200<br>Irvine, CA 92612 | | |

ATTORNEY FOR *(name)*: Plaintiff, Lauren Cornejo

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 12720 Norwalk Blvd
MAILING ADDRESS: Same
CITY AND ZIP CODE: Norwalk, 90650
BRANCH NAME: Norwalk Courthouse

PLAINTIFF: LAUREN CORNEJO
DEFENDANT: DOLLAR TREE STORES, INC., et. al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>25NWCV03217 |
|---|---|

To *(name of one defendant only)*: DOLLAR TREE STORES, INC.
Plaintiff *(name of one plaintiff only)*: LAUREN CORNEJO
seeks damages in the above-entitled action, as follows:

1. **General damages**

AMOUNT

|   |   |   |   |
|---|---|---|---|
| a. | [X] | Pain, suffering, and inconvenience ............................................... | $ 500,000.00 |
| b. | [X] | Emotional distress. .......................................................................... | $ 500,000.00 |
| c. | [ ] | Loss of consortium .......................................................................... | $ |
| d. | [ ] | Loss of society and companionship *(wrongful death actions only)* ............... | $ |
| e. | [ ] | Other *(specify)* _____ | $ |
| f. | [ ] | Other *(specify)* _____ | $ |
| g. | [ ] | Continued on Attachment 1.g. | |

2. **Special damages**

|   |   |   |   |
|---|---|---|---|
| a. | [X] | Medical expenses *(to date)* ............................................................. | $ 38,754.03 |
| b. | [X] | Future medical expenses *(present value)* ........................................ | $ 100,000.00 |
| c. | [X] | Loss of earnings *(to date)* ............................................................. | $ TBD |
| d. | [X] | Loss of future earning capacity *(present value)* ............................. | $ TBD |
| e. | [ ] | Property damage ............................................................................. | $ |
| f. | [ ] | Funeral expenses *(wrongful death actions only)* ............................ | $ |
| g. | [ ] | Future contributions *(present value) (wrongful death actions only)* ...... | $ |
| h. | [ ] | Value of personal service, advice, or training *(wrongful death actions only)* ... | $ |
| i. | [ ] | Other *(specify)* _____ | $ |
| j. | [ ] | Other *(specify)* _____ | $ |
| k. | [ ] | Continued on Attachment 2.k. | |

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ _____
when pursuing a judgment in the suit filed against you.

Date: 11/18/2025

Iman Sorat, Esq.
_____
(TYPE OR PRINT NAME)

▶ *(signature)*
_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. July 1, 2025]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
courts.ca.gov

CIV-050

| | |
|---|---|
| PLAINTIFF: LAUREN CORNEJO<br>DEFENDANT: DOLLAR TREE STORES, INC., et. al. | CASE NUMBER:<br>25NWCV03217 |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages   ☐ Other   *(specify):*
   b. on *(name):*
   c. by serving ☐ defendant   ☐ other   *(name and title or relationship to person served):*
   d. ☐ by delivery   ☐ at home   ☐ at business
      (1) date:
      (2) time:
      (3) address:
   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box):*
   a. ☐ **Personal service.** By personally delivering copies. (Code Civ. Proc., § 415.10.)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (Code Civ. Proc., § 415.20(a).)
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (Code Civ. Proc., § 415.20(b).) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (Code Civ. Proc., § 415.30.) **(Attach completed acknowledgment of receipt.)**
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (Code Civ. Proc., § 415.40.) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. ☐ Other *(specify code section):*
      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Business and Professions Code section 22350(b)

   f. Name, address, and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

**PROOF OF SERVICE**
**(Statement of Damages)**

Code of Civil Procedure §§ 425.11, 425.115

## **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party to the within action; my business address is 11900 W. Olympic Boulevard, Suite 500, Los Angeles, CA 90064.

On December 18, 2025, I served the foregoing document(s) described as: DEFENDANT DOLLAR TREE STORES, INC.'S NOTICE OF REMOVAL ON THE BASIS OF DIVERSITY JURISDICTION on the interested parties in this action, at the addresses listed below, as follows:

Iman Sorat, Esq.
MORGAN & MORGAN CALIFORNIA LLP
18100 Von Karman Avenue, Suite 200
Irvine, CA 92612
Tel: (949) 898-6501; Fax: (949) 898-6755
Iman.sorat@forthepeople.com
Attorneys for LAUREN CORNEJO

☒    Electronic Mail.  By transmitting a copy of the foregoing document(s) via internet/electronic mail from my email address kwindrim@smsm.com to the email address indicated above.

☒    Federal.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 18, 2025, at Los Angeles, California.

*Keri Windrim*
KERI WINDRIM